E-FILED
Thursday, 06 October, 2005  03:39:22 PM
Clerk, U.S. District Court, ILCD



IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

|  |  |  |
|---|---|---|
| IN RE HIGH FRUCTOSE CORN SYRUP ANTITRUST LITIGATION | : | MDL No. 1087 & Master File No. 95-1477 |
| THE DOCUMENT RELATES TO: ALL ACTIONS | : | Hon. Michael M. Mihm |

**ORDER**

THIS MATTER coming on to be heard on the Motion of Class Plaintiffs (A) Approving Additional Approved Purchases, (B) To Approve the Amendment to Certain Claims, (C) Disallowing Certain Claims, (D) To Authorize An Initial Payment To Certain Claimants, (E) To Authorize Payment Of All Remaining Expenses Relating To Administration Of The Settlement Fund, (F) To Authorize Payment of a Second and Final Distribution of Class Settlement Funds, (G) To Approve The Settlement Fund Administration And Distribution, And To Release Heffler & Company And Class Counsel Relating To Same, and (H) To Bar and Enjoin Any Further Claims Against the Settlement Fund (the "Motion"), and the Court being advised in the premises, it is hereby ordered:

1. The additional purchases referred to in paragraphs 2-4 of the Motion are hereby approved for purposes of the distribution of settlement funds.

2. An additional payment of $3,776,899.20 shall be made from the Net Settlement Fund to certain claimants as an initial distribution in accordance with paragraph 5 of the Motion.

3. The four claims referred to in paragraph 2 of the Motion are hereby disallowed.

4. Payment of taxes on interest earned on the Net Settlement Fund is Authorized to be paid from the Net Settlement Fund.

5. A final payment to Heffler Radetich & Saitta, LLP ("Heffler") in the additional amount of $70,248.42 is hereby approved. Heffler shall neither seek nor be paid any additional sums for its work in connection with claims administration in this matter.

6. The Court directs that the balance of the Net Settlement Fund totaling $35,973,201.15, be distributed on a pro-rata basis to the Adjusted Allowed Purchases. The Court directs that the checks for distribution to Authorized Claimants shall be made from the Net Settlement Fund in accordance with Exhibit I to the Heffler Report (as defined in the Motion). Said checks shall bear the notation "Non-Negotiable After 120 Days," and that no check shall be negotiated in the Settlement Fund more than 150 days from the date of the check.

7. Any and all further claims against the settlement fund in this case are hereby barred and permanently enjoined, the date for timely filing of claims having expired almost 10 months ago, and adequate notice of the right to file claims having been given to class members well in advance of the expiration date. Should any further claim be filed it will be deemed null and void.

8. The settlement administration by Heffler and class counsel and their respective employees and agents is hereby approved, and Heffler and class counsel and their respective employees and agents (the "released parties") shall be and are hereby released from any and all claims of any kind or nature relating to the claims administration (including, without limitation, the review, verification, calculation, tabulation or any other aspect of the processing of claims)except for gross negligence or willful misfeasance on the part of release parties.

9. The Court further orders that one (1) year after the final distribution of the Net Settlement Fund to Authorized Claimants, Heffler may destroy all claim forms and related

correspondence, provided that Heffler shall retain all administrative records, including a copy of the Claimants Listing and the computer database used to create the Claimants Listing, for a period of three (3) years after the final distribution of the Net Settlement Fund to Authorized Claimants.

Entered this 6th day of October, 2005

s/Michael M. Mihm
United States District Court Judge